**SPERRY RAND CORPORATION,**
Appellant,

v.

**TEXAS INSTRUMENTS INCORPORATED, Appellee.**

No. 19866.

United States Court of Appeals
Fifth Circuit.

Aug. 25, 1964.

Rehearing Denied Oct. 12, 1964.

Walter H. Free, New York City, Stanley E. Neely, Dallas, Tex., Frank W.

Ford, Jr., John F. Neary, Jr., New York City, for appellant.

Richard K. Stevens, Robert F. Davis, John H. Lewis, Jr., Washington, D. C., Sol Goodell, Richard E. Gray, Samuel McPherson Mims, Jr., Dallas, Tex., for appellee.

Before HUTCHESON and BROWN, Circuit Judges, and CHRISTENBERRY, District Judge.

HUTCHESON, Circuit Judge.

Plaintiff-appellant Sperry Rand Corporation[1] brought this action for patent infringement against Texas Instruments Inc. The district court filed an able opinion[2] and extensive findings of fact and law. He dismissed the action, adjudging the claim in issue invalid and not infringed.

The claim alleged infringed is for a germanium alloy rectifier and reads as follows:

"10. Unidirectionally conducting apparatus comprising a member, a first conductor in contact with a part of said member, and a second conductor in contact with a different part of said member, said member being constituted of a germanium base alloy, said alloy having a minor constituent constituted of one or more elements of the nitrogen group, said alloy further containing 1% or less of said minor constituent."

The accused device is the grown junction transistor, that is a transistor composed of a single crystal of germanium portions of which are alloyed with elements of the nitrogen group and portions of which are alloyed with other elements.

The trial judge found that the Woodyard patent claim was not the product of his invention but was the product of the invention of a group of scientists assembled by the government after Pearl Harbor as part of the National Defense Research Committee. He further found

---

1. Sperry Rand Corporation is the successor in interest to the Sperry Corporation assignee of the patent alleged infringed, Woodyard No. 2,530,110.

2. D.C., 206 F.Supp. 676.

that if the patent was valid it was not infringed since the plaintiff had not proven that the patent embraced the elements of the transistor. The appellant attacks both of these findings, the first on five grounds, the last on three. The substance of the attacks is that both findings are clearly erroneous. We disagree. We affirm the judgment and approve the findings made below.

The evidence is extensive, contradictory and unclear. Appellant relies on this appeal primarily on the direct testimony of the inventor to establish the crucial fact of invention which all concede to be the addition of bismuth to purified germanium to achieve an improved rectifier in late April, 1942. This testimony, though corroborated by the deposition of a mechanic who worked with the inventor, was made less than persuasive by the fact, that the inventor deposed that he could not say whether he had made the invention or had merely verified the works of others, and by the fact that most of his testimony was in the form of conclusions of invention drawn from testimony, depositions, and documentary evidence which might be as readily interpreted to disprove his invention as to prove it. Neither the note book of the alleged inventor nor that of his company shows the addition of a nitrogen group element to germanium until December, 1942, long after other members of the group had made such addition. These books are not silent concerning germanium, however. They indicate that Woodyard experimented with the purification of germanium during the period from April until December, 1942.

Appellant relied here heavily on the evidence which indicates that Woodyard gave Dr. Angello of Westinghouse a sample of germanium on April 21, 1942, which Westinghouse analysts subsequently found contained about one percent bismuth. They deduced from this that Woodyard had added bismuth to the germanium he gave Angello. Angello testified that Woodyard did not inform him of the contents of the sample. Wood-

yard testified to the contrary. A Westinghouse sample of germanium to which no impurities had been added analyzed at the same time was also found to contain bismuth. The evidence indicates that what Westinghouse thought was bismuth in both samples was arsenic, an element naturally appearing in germanium and one which is easily confused with bismuth under certain analytical procedures.

On May 11, 1942, Dr. Lark-Horowitz of Purdue University, who had visited with Woodyard at Sperry that same day, telegraphed his laboratory to add bismuth to pure germanium. Appellant assumes this idea came from Woodyard who so testified, though he admitted the possibility that Lark-Horowitz could have gotten the idea from the Westinghouse analysis. The telegram itself does not disclose the source of the idea. We are not firmly convinced that the trial judge erred in finding no invention. Industrial Instrument Corporation v. Foxboro Co., 5 Cir., 307 F.2d 783 (1962).

As to the infringement, the evidence is equally as contradictory. There is persuasive evidence, however, supporting the trial judge's conclusion that Claim 10 is limited to a unidirectional conductive apparatus while the transistor is a bi-directional conductive apparatus. And there is convincing evidence that while Claim 10 describes metallic conductors in contact with a semi-conductor of germanium alloy, the transistor is a device composed of a single germanium crystal having various areas of alloy in contact one with another. The devices are not substantially identical. The results they accomplish, rectification for the Woodyard device and amplification for the transistor are not similar. Marconi Wireless Telephone Co. of America v. DeForest, 243 F. 560 (2nd Cir. 1917) relied on by appellant is of no aid to him. The trial judge here has found distinctive devices, and there is no error in his findings, that is the end of it. Scherbatskoy v. United States Steel Corporation, 287 F.2d 552 (7th Cir. 1961).

Affirmed.